NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 12 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NORTH AMERICAN WELLNESS CENTER HOLDINGS, LLC, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> TEMECULA VALLEY REAL ESTATE, INC., DBA KW Commercial; et al., <br><br> Defendants-Appellees. | No.   17-56497 <br><br> D.C. No. 5:16-cv-02010-VAP-DTB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted June 10, 2019**
Pasadena, California

Before:  WARDLAW, BYBEE, and OWENS, Circuit Judges.

North American Wellness Center Holdings, LLC ("NAWC") appeals from

the district court's dismissal of its complaint with prejudice under Federal Rule of

Civil Procedure 12(b)(6).  As the parties are familiar with the facts, we do not

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

recount them here.[1] We review the district court's dismissal of the complaint de novo. *See Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011). We affirm.

1. NAWC alleges several federal securities law violations. Because each allegation must implicate a "security," NAWC argues that this transaction involved an "investment contract." We review de novo whether a transaction involves a "security." *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013).

Even if the two agreements here – the land sale and advisory arrangement – constituted a single transaction, *see id*. at 1131-32, NAWC failed to plausibly allege the requisite expectation of profit from the efforts of others. *See SEC v. W.J. Howey Co.*, 328 U.S. 293, 298-99 (1946). An "investment contract" requires that "the efforts made by those other than the investor [be] the undeniably significant ones." *SEC v. Glenn W. Turner Enters., Inc.*, 474 F.2d 476, 482 (9th Cir. 1973). NAWC does not allege that it gave up legal control over the development, nor, even generously interpreting the complaint, that it practically lacked control over it. *See Hocking v. Dubois*, 885 F.2d 1449, 1460-61 (9th Cir. 1989) (en banc) ("[T]he question of an investor's control over his investment is decided in terms of practical as well as legal ability to control."). Because NAWC retained control over almost all, if not all, of "the essential managerial efforts which affect[ed] the failure or success of the enterprise," *Glenn W. Turner Enters., Inc.*, 474 F.2d at

---

[1] We grant Appellee's motion for judicial notice. Dkt. Nos. 19, 21.

483, we affirm the district court's dismissal of the federal securities claims.

2.  NAWC also alleges violations of § 1 and § 2 of the Sherman Act.  Here, too, it has insufficiently pled these claims.  Regarding § 1, most consequentially, NAWC alleged only injury to itself, not to any competition.  *See Brantley v. NBC Universal, Inc.*, 675 F.3d 1192, 1200 (9th Cir. 2012).  It "merely recite[s] the bare legal conclusion that competition has been restrained unreasonably."  *Id*. at 1198 (citation omitted).  Similarly, NAWC's § 2 claim fails to plausibly allege that defendants either had the "specific intent to monopolize" or engaged in any "anticompetitive conduct."  *Alaska Airlines, Inc. v. United Airlines, Inc.*, 948 F.2d 536, 542 (9th Cir. 1991).  Thus, we also affirm the dismissal of the antitrust claims.

3.  Lastly, NAWC argues that the district court erred in denying leave to amend its complaint.  We affirm the decision to dismiss with prejudice.  NAWC had a prior opportunity to amend.  *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (explaining that a district court has broad discretion to deny leave to amend when it previously granted this request).  Moreover, allowing NAWC another opportunity to amend would have been futile.  No facts – and NAWC did not proffer any additional facts before the district court, or on appeal – could transform this generic real estate transaction into either a securities transaction or an antitrust violation.  *See Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997).

3

**AFFIRMED**.